The Law Abstract Co., 309-310 The Arcade
Cleveland, O.

THE ABSTRACT REPORTING SYSTEM

consists of Epitomized Opinions in Ohio cases from the following courts:

Federal Courts.—United States Supreme Court; Circuit Court of Appeals, Sixth District; U. S. District Courts of Ohio, Northern and Southern, covering all the written opinions handed down by the judges.

State Courts of Ohio.—The Ohio Supreme Court; the Ohio Court of Appeals, nine Districts; the Nisi Prius cases of the County Common Pleas and City Municipal Courts, and the Quasi Judicial Opinions of the Attorney General and other Officers and Boards exercising judicial functions.

Digests—A Weekly Digest of all opinions in each number; a weekly cumulative Digest of all opinions in the preceding issues of the month; a Monthly Digest of all opinions, each month; a Quarterly Digest of each three months period; and semi-annual and annual issues, constructed and conducted so as to make it easy and sure to quickly find any desired, existing case.

Prompt and Complete Publication.—All the available opinions in Ohio cases, decided in these courts and handed down in such form that they can be transcribed, will be printed as fast as they can be carefully reported and be prepared for the press, and publicity will follow close after the decrees of the judges.

## COURT OF APPEALS of U. S.

### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these Circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each Circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the co (called Calendar Sessions), there is a regular and perempt call of the calendar containing all the cases on the docket, wh should be ready for hearing.

At the July session, no cases are heard, except on spe order of the court.

This Term began October 2, 1922.

### RULES OF COURT
### Return Days

All appeals, writs of error and citations must be ms returnable not exceeding thirty days from the day signing the citation, whether the return day fall in va tion or in term time, and be served before the return d

### Briefs

Counsel for defendant in error or appellee before first day of the term if the clerk deliver to him a prin record of the case 60 days before the first day of s term; or 20 days if the record is delivered not less tl 80 days before the first day of such terms, and in other cases 15 days after receipt of such printed rec within the same time such counsel shall give to counsel defendant in error or appellee five printed copies of s brief.

---

No. 374

### WOOLFE v. OHIO OIL CO.

Circuit Court of Appeals, Sixth Circuit
No. 3730. Feb. 12, 1923

This opinion has not been published except in Abstr

MASTER AND SERVANT—Contributory ne gence is question for jury when evidence conflict (2) Requirements for guarding machinery "shops and factories" held applicable to gas eng in pumping station—(3) Evidence held no to s acceptance of Workman's Compensation Act.

Epitomized Opinion

Error to U. S. District Court, N. D. Ohio, W. D Knappen, Denison and Donahue, JJ.

DONAHUE, J.

Woolfe was employed by the Oil Co. to oper and care for a gas engine, one of his duties be to oil the engine. Woolfe was injured while attem ing to oil the engine and brought suit for damag The Oil Co. alleged that Woolfe was negligent not stopping the engine before attempting to oil that the Oil Co. had complied with the requireme of the Workman's Compensation Act and that Woo had recovered partial damages under that act. T evidence indicated that he had been in the habit oiling the engine while it was in motion and tl it would have been dangerous for him to have star the engine if he had stopped it for any purpo Woolfe denied having accepted compensation und the act mentioned above.

Held by Circuit Court of Appeals in reversing ju ment for Oil Co.:

1. The question of whether or not Woolfe w negligent was in dispute and should have been l to the jury.

2. The requirement of GC. 1027 as to safegua ing machinery is held to include by its definiti of "shops and factories" a gas engine in a sm pumping station.

3. In servant's action for injuries where defenda claimed plaintiff elected to accept compensati under the Workman's compensation Act of Oh evidence held to show that he received and retain checks from his employer not as compensation und the act but as a continued payment of his sala during disability.

Attorneys—W. P. Barnum and E. H. Moore a Metsger & McCarthy, for Woolfe; Merle N. P and Alex L. Smith for Oil Co.